UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS D. CALVILLO; | ) | CIV. 09-4051-KES |
| NATHAN CALVILLO; | ) | |
| JOLEEN F. DELUTRI; | ) | |
| FLORINDA HOPPE; | ) | |
| MARY CASADAY; | ) | |
| VINCENT COUGHLIN; | ) | |
| ROBERT NICHOLS; | ) | |
| BETTY SALTSGIVER; | ) | |
| MARK A. WASSON; | ) | |
| KENNETH J. BAAK; | ) | |
| CYNTHIA A. FLAMMANG; | ) | |
| TYLER J. SITZMANN; | ) | ORDER GRANTING DEFENDANTS' |
| TERRY L. CARTER; | ) | MOTION TO STRIKE AND |
| AUDREY M. PURUCKER; | ) | DENYING PLAINTIFFS' MOTION |
| LAURIE OLSON; | ) | TO DISMISS |
| MARGARET WHITE; | ) | |
| GARY DUERKSEN; | ) | |
| JAVIER RODRIGUEZ; | ) | |
| BONNIE L. GRASER; | ) | |
| ANNETTE HOLGUIN; | ) | |
| RONALD R. ALLEN; | ) | |
| THERESA KINNEY; | ) | |
| DAN GROSENHEIDER; | ) | |
| GLORIA TODD; | ) | |
| GAYLEEN E. LARA; | ) | |
| JAMES SIGATY; | ) | |
| MARILYN UPTON; | ) | |
| KEVIN WEIFENBACH; | ) | |
| JAMES PETERS; | ) | |
| THOMAS L. ASHLEY; | ) | |
| WILLIAM P. COLLINS; | ) | |
| PAULA G. HINDS; | ) | |
| HAROLD NICHOLS; | ) | |
| RAQUEL D. OATMAN; | ) | |
| ERNESTO MIRANDA; | ) | |
| YVONNE MOATS; | ) | |
| DAWN GILLES; | ) | |
| RONALD C. WILTGEN; | ) | |
| PAMELA BANTA; | ) | |
| ANGIE DEBRUIN; | ) | |

AMY HINES;                                      )
PATRICK REED;                                   )
PHYLLIS E. BERGDALE;                            )
DAWN GIRARD;                                    )
RAY NELSON;                                     )
LORI A. STEFFEN;                                )
MARION K. ATHENS,                               )
KATHERINE J. MOIR,                              )
BRANDI FRANKE.                                  )
STEVEN G. GUNSOLLEY,                            )
STACEY J. NELSON,                               )
KIMBERLY STURGES,                              )
GARY WEAVER, and                                )
DAVID M. EISMA, on behalf of                    )
themselves and all other similarly             )
situated individuals,                           )
                                                )
            Plaintiffs,                          )
                                                )
      vs.                                        )
                                                )
SIOUXLAND UROLOGY ASSOCIATES                    )
P.C., d/b/a Siouxland Urology Center,           )
a South Dakota corporation;                     )
SIOUXLAND UROLOGY CENTER,                       )
L.L.C., a South Dakota corporation;             )
JOHN A. WOLPERT, M.D.,                          )
individually;                                    )
DAVID D. HOWARD, M.D.,                          )
individually;                                    )
PATRICK M. WALSH, M.D.,                         )
individually;                                    )
KENNETH E. McCALLA, M.D.,                       )
individually;                                    )
TIMOTHY G. KNEIB, M.D.,                         )
individually;                                    )
CRAIG A. BLOCK, M.D., individually,             )
and                                             )
THOMAS W. HEPPERLEN, M.D.,                      )
individually,                                    )
                                                )
            Defendants.

2

Defendants, Siouxland Urology Associates, Siouxland Urology Center, Dr. Wolpert, Dr. Howard, Dr. Walsh, Dr. McCalla, Dr. Kneib, Dr. Block, and Dr. Hepperlen, move to strike all class action allegations in plaintiffs' third amended complaint because those allegations are in direct violation of this court's order following denial of class certification. Docket 95. All named plaintiffs, on behalf of themselves and all other similarly situated individuals, oppose defendants' motion. Docket 101. If the court does not reconsider certifying the class, then plaintiffs request that the court dismiss the action for lack of subject matter jurisdiction. *Id.* at 3.

## BACKGROUND

The original complaint was filed in this court on April 17, 2009. Docket 1. Defendants moved to dismiss the complaint or, in the alternative, to strike the class allegations. Docket 28; Docket 30. On July 31, 2009, plaintiffs moved for joinder of parties and filed an amended complaint. Docket 39; Docket 47. Following its granting of the motion for joinder, the court ordered a second amended complaint to be filed identifying the newly joined parties and any facts pertaining to those individuals. Docket 63. After the second amended complaint was filed, defendants filed a motion to dismiss and a motion to strike class allegations from the second amended complaint. Docket 71; Docket 73. Plaintiffs responded and moved for a second time to certify the class. Docket 80.

3

On February 28, 2011, this court entered an order that denied plaintiffs' second motion for class certification and denied as moot defendants' motion to dismiss and motion to strike. Docket 91. The court denied certification of the class because the majority of plaintiffs' theories of recovery would require an individualized or case-by-case inquiry, which would make class certification inappropriate. Docket 91 at 10-11. Plaintiffs filed an interlocutory appeal with the Eighth Circuit Court of Appeals to challenge the denial of class certification. Docket 94. That appeal was considered and denied. Docket 98.

The district court also ordered plaintiffs to file a third amended complaint. Docket 91 at 15. Plaintiffs filed the third amended complaint, which included claims against defendants for negligence, medical malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, battery, fraudulent concealment, fraudulent misrepresentation, informed consent, unjust enrichment, and violation of South Dakota's deceptive trade practices and consumer protection act. The complaint alleges that plaintiffs, as patients, were harmed when defendants reused bags of irrigation fluid and plastic tubing for their cystoscopy procedures, which raised the possibility of exposure to blood infections or blood-borne illnesses. Docket 93 ¶¶ 6-17. Plaintiffs again included class-wide claims even though class certification had been denied. Docket 93 at ¶¶ 27-42. Defendants again move to strike the class allegations from plaintiffs' third amended complaint. Docket 95.

4

## ANALYSIS

### I.    Motion to Strike

Defendants' claim that plaintiffs' inclusion of class claims in its third amended complaint was improper, directly ignored the court's February order, and should be stricken. Plaintiffs state they included class claims because they did not know if the court's determination on class certification was final, they wanted to protect all plaintiffs' rights in state court, and they wanted to allow the parties to proceed with discovery on those claims if the court deemed it appropriate.

A court may order stricken from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Atl. Recording Corp. v. Raleigh*, No. 4:06-CV 1708, 2009 WL 1543458, *2 (E.D. Mo. June 2, 2009) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1382).

In plaintiffs' second amended complaint, plaintiffs alleged a number of causes of action that included: negligence, medical malpractice, intentional infliction of emotional distress, battery, fraudulent concealment, fraudulent misrepresentation, failure to obtain informed consent, unjust enrichment, and exemplary damages. Docket 93. After its analysis on class certification, this

court found "this case . . . will require a 'case-by-case determination' as to whether a patient is entitled to any relief . . . [t]hus, plaintiffs have failed to establish the typicality requirement for class certification." Docket 91 at 11. The court also determined that class certification was inappropriate for multiple issues and claims pleaded in the second amended complaint "[b]ecause of the many individual issues surrounding the numerous theories for relief . . . certifying various issue classes would not increase the efficiency of the litigation." *Id.* at 13.

Plaintiffs argue that the court did not specifically order that their third amended complaint be filed without class action allegations, and that the court has the power to readdress the issue of class certification at any time. The court used clear language denying class certification. The court specifically stated that it found class certification inappropriate because "[m]ost of these theories for recovery necessary involve an individualized and case-by-case inquiry." Docket 91 at 10. Specifically, the court recognized that class certification was not proper for claims of intentional infliction of emotional distress, negligent infliction of emotional distress, battery, fraudulent concealment and fraudulent misrepresentation, medical malpractice, and informed consent. *Id.* at 10-11. Finally, the court said that it "rejects plaintiffs' argument that such class certification of issues *is proper in this case*." *Id.* at 14 (emphasis added). The court did not say "at this stage of the litigation"—it said

"in this case." That language is clear, and no new circumstances have necessitated revisiting this issue.

Plaintiffs argue that the issue is not final because the court could reevaluate its own determination. District courts have broad discretion throughout the litigation to alter or amend class certification. Fed. R. Civ. P. 23(c)(1)(c). Even with this discretion in mind,

> In the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent, *courts should not condone a series of rearguments on the class issues* by either the proponent or the opponent of class, in the guise of motions to reconsider the class ruling.

Alba Conte & Herbert Newberg, *Newberg on Class Actions*, § 7:47, at 159 (4th ed. 2002) (emphasis added).

The Federal Rules of Civil Procedure grant the court discretion to revisit the issue of class certification, but nothing material has changed in this case that would support a different result. Plaintiffs' third amended complaint, in essence, revisits the same causes of action that were alleged in the second amended complaint. Further, any purported attempt to preserve an issue for interlocutory appeal now is moot after the Eighth Circuit Court of Appeals denied plaintiffs' attempt to appeal this court's order. Docket 98. For this reason, the court finds "there is no reasonably foreseeable possibility that the issue of class certification will be revisited." *Avritt v. Reliastar Life Ins. Co.*, Civ. No. 07-1817, 2009 WL 1703224, *3 (D. Minn. June 18, 2009). Plaintiffs'

inclusion of class claims was redundant, immaterial, and no longer has any connection to the subject matter being litigated.

## II.    Continued Subject Matter Jurisdiction

Plaintiffs argue that if the court finds that the class certification determination is final then it should dismiss the case because it lacks subject matter jurisdiction under the Class Action Fairness Act (CAFA) and is without complete diversity or federal question jurisdiction. Defendants contend that the court retains jurisdiction because subject matter jurisdiction existed under CAFA at the time the complaint was filed and continues even if a jurisdictional fact changes. This issue is not clear, and the Eighth Circuit Court of Appeals has not addressed whether CAFA-given subject matter jurisdiction survives a denial of class certification absent diversity or federal question jurisdiction.

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Courts often must resolve certain issues, like class certification, before it determines its jurisdictional authority because "it is both proper and necessary for the trial court first to resolve the merits of the claim to the extent necessary to allow the court to properly determine its own jurisdiction." *In re TJX Co. Retail Sec. Breach Litig.*, 564 F.3d 489, 493 (1st Cir. 2009) (citations omitted). CAFA establishes federal diversity jurisdiction over those class

8

actions where at least one member of the class is diverse from any defendant; unlike traditional diversity jurisdiction, diversity need not be complete. *See* 28 U.S.C. § 1332(d)(2).

The Seventh Circuit Court of Appeals analyzed the language of the CAFA statute and determined that it extends original jurisdiction to class actions, and that jurisdiction does not depend upon certification of the class. *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010). That circuit, and other circuit courts[1] who have retained jurisdiction over these types of cases, have determined that jurisdiction depends "on whether the action was *filed* as a class action, and not on whether the action was eventually *certified* as a class action." *Delsing v. Starbucks Coffee Corp.*, No. 08-CV-1154, 2010 WL 1507642, *1 (D. Minn. April 14, 2010).

In *Cunningham* the court found support for retaining jurisdiction in the language of § 1332(d)(1)(C), which defines "class certification order" as "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action." 592 F.3d at 806. The court said that this language standing alone could suggest that without such an order the suit is

_____

[1] *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010); *Vega v. T-Mobile USA*, 564 F.3d 1256 (11th Cir. 2009); *Allen-Wright v. Allstate Ins. Co.*, No. 07-cv-4087, 2009 WL 1285522, at *3 (E.D. Pa. May 5, 2009); *In re HP Inkjet Printer Litig.*, No. C 05-3580, 2009 WL 282051, at *1-2 (N.D. Cal. Feb. 5, 2009); *Brinston v. Koppers Indus., Inc.*, 538 F. Supp. 2d 969, 974-75 (W.D. Tex. 2008); *Colomar v. Mercy Hosp., Inc.*, No. 05-22409, 2007 WL 2083562, at *2-3 (S.D. Fla. July 20, 2007); *Genenbacher v. CenuryTel Fiber Co. II., LLC*, 500 F. Supp. 2d 1014, 1016 (C.D. Ill. 2007).

not a class action. *Id.* The court stated "remember that jurisdiction attaches

when a suit is *filed* as a class action, and that invariably precedes

certification," and this section merely means "that a suit filed as a class action

cannot be *maintained* as one without an order certifying the class." *Id.* The

court concluded that this language does not necessarily imply that the court

loses jurisdiction just because the class is not certified. *Id. See also St. Paul*

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293-95 (1938) (similar

rationale applied). The Ninth Circuit Court of Appeals also recognized this

reasoning, stating that it is likely that "Congress intended that the usual and

long-standing principles apply . . . post-filing developments do not defeat

jurisdiction if jurisdiction was properly invoked as of the time of filing." *United*

*Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l*

*Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010); *see also Vega v.*

*T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) (stating that

plaintiffs' failure to meet numerosity requirement for certification did not strip

the court of its jurisdiction under CAFA).

    The Seventh Circuit also concluded in *Cunningham* that if a state had

different requirements on certifying a class that conflict with Rule 23, then a

remand may result in the action continuing as a class action in state court.

*Cunningham*, 592 F.3d at 807. This result would go against the purpose

behind CAFA. The court stated that the purpose of CAFA was to relax the

complete diversity requirement so class actions that were not completely

diverse could be brought in federal court. *Id.* An important policy

10

consideration behind CAFA "would be thwarted if because of a remand a suit that was within the scope of the Act by virtue of having been filed as a class action ended up being litigated as a class action in state court." *Id.*

Other courts have found that denial of class certification is merely a change of a jurisdictional fact and such changes do not affect the continuation of jurisdiction. *Avritt*, 2009 WL 1703224, *1 (citations omitted). If an alternate conclusion was reached and the court found that jurisdiction did not exist, then jurisdiction would always be in flux. *Delsing*, 2010 WL 1507642, *2. That would mean that prior to class certification,

> jurisdiction would neither exist nor not exist. Instead, the lawsuit would float in some kind of suspended animation. Only when a court decides whether to certify a class would the court and the parties know whether the court has jurisdiction over the lawsuit. If certification were denied, then not only would the court have no jurisdiction going forward, but the court would be deemed to have never had jurisdiction. Everything that came before the court's decision on class certification would be wiped out. If certification were granted, then the court would have jurisdiction-both retroactively and prospectively-unless the court later changed its mind and decertified the class, in which case jurisdiction would again disappear retroactively.

*Id.*

Additionally, it would be inconsistent to allow a court to rule on discovery issues and other motions just to determine that the court never had power in the case originally. *Id.* This would be inconsistent with a principle recognized by the Eighth Circuit that "[t]he existence of federal jurisdiction . . . is determined as of the time the complaint is filed." *Id.* (citing *Rheuport v. Ferguson*, 819 F.2d 1459, 1467 n.13 (8th Cir. 1987)).

11

This action was originally filed in federal court with CAFA as its source of jurisdiction. Jurisdiction attached when plaintiffs filed the claim and included class action claims, and the court's denial of class certification is nothing more than a change in jurisdictional fact. The purpose and intent of CAFA is for minimally diverse parties to bring their class claims in federal court, and there is nothing explicit in the text that would strip this court of its subject matter jurisdiction because of a change in circumstances not under the party's control. *See Cunningham*, 592 F.3d at 807 ("Our conclusion vindicates the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed, such as a change in the state of which a party is a citizen that destroys diversity.") (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 293-95; *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992) (per curiam)).

Moreover, it seems improbable that Congress intended for CAFA-based jurisdiction to hinge on whether the class is certified instead of whether the class action is filed. *Delsing*, 2010 WL 1507642, *2. Had Congress meant for such a result it would have said so. *Id.* Congress easily could have said CAFA jurisdiction applies to any action certified under Rule 23 of the Federal rules instead of saying that CAFA applies to any action filed. *Id.* For all these reasons, the court retains subject matter jurisdiction after denying class certification.

## CONCLUSION

The court's order denying certification of the class was final, and plaintiffs' inclusion of class allegations in its third amended complaint was redundant, immaterial, and no longer connected to the subject matter being litigated. The class claims, therefore, are stricken. Under CAFA, subject matter jurisdiction attached to this action when it was filed, and a change in jurisdictional fact, like denial of class certification, did not divest the district court of jurisdiction. For that reason, this court retains jurisdiction over this action.

Accordingly, it is

ORDERED that the motion to strike (Docket 95) class-wide allegations from plaintiffs' third amended complaint is granted.

IT IS FURTHER ORDERED that plaintiffs are to file an amended complaint that does not include any allegations pertaining to class claims by **November 4, 2011**.

IT IS FURTHER ORDERED that plaintiffs' request to dismiss this action for lack of subject matter jurisdiction is denied.

Dated October 28, 2011.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE