UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAVIER RODRIGUEZ, ) | CIV. 09-4051-KES |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SIOUXLAND UROLOGY ) | ORDER GRANTING DEFENDANTS' |
| ASSOCIATES P.C., d/b/a Siouxland ) | MOTION FOR SUMMARY |
| Urology Center, a South Dakota ) | JUDGMENT |
| corporation; ) | |
| SIOUXLAND UROLOGY CENTER, ) | |
| L.L.C., a South Dakota corporation; ) | |
| JOHN A. WOLPERT, M.D., ) | |
| individually; ) | |
| DAVID D. HOWARD, M.D., ) | |
| individually; ) | |
| PATRICK M. WALSH, M.D., ) | |
| individually; ) | |
| KENNETH E. McCALLA, M.D., ) | |
| individually; ) | |
| TIMOTHY G. KNEIB, M.D., ) | |
| individually; ) | |
| CRAIG A. BLOCK, M.D., ) | |
| individually, and ) | |
| THOMAS W. HEPPERLEN, M.D., ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Javier Rodriguez, is the last remaining plaintiff in an action that alleges claims against defendants for negligence, medical malpractice, intentional infliction of emotional distress, negligent infliction of emotional distress, battery, fraudulent concealment, fraudulent misrepresentation, informed consent, unjust enrichment, and deceptive trade practices. Defendants move for summary judgment on all claims. Defendants' motion was

filed on October 2, 2012, and their revised statement of material facts was filed on October 24, 2012. Rodriguez has not responded, and the time to respond has passed. For the following reasons, defendants' motion is granted.

## BACKGROUND

Rodriguez had a cystoscopy performed on him at Siouxland Urology (SU) on September 25, 2006. In January of 2009, the South Dakota Department of Health conducted a re-certification survey at SU to determine whether SU was in compliance with various state and federal rules. The survey found deficiencies in SU's cystoscopy procedures because SU used saline irrigation solutions bags and portions of tubing on more than one patient during cystoscopy procedures. Defendants sent Rodriguez a letter notifying him of their lack of compliance.

Outside of the complaint and attachments to the complaint, Rodriguez has put forth no facts to support his claims. Rodriguez has not shown that he contracted any blood-borne illness as a result of the cystoscopy procedure performed on him. Further, Rodriguez did not have physical symptoms related to emotional distress; he did not cry, become physically ill, or miss any work, and he did not seek counseling following his receipt of defendants' letter. Also, Rodriguez has not identified any expert witnesses to support his claims.

## LEGAL STANDARD

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or that the nonmoving party has not presented evidence to support an element of his

case on which he bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). If the nonmoving party fails to properly address the moving party's assertion of a fact, the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e); *see also* D.S.D. Civ. LR 56.1D ("All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts."). Additionally, the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to [summary judgment]." Fed. R. Civ. P. 56(e).

Because this is a diversity action, the court applies the law of the state in which it sits. *Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007). Thus, South Dakota law applies to Rodriguez's claims.[1]

**ANALYSIS**

**I.     Negligence and Medical Malpractice**

Rodriguez pleaded claims for negligence and medical malpractice. "The general rule in medical malpractice cases is that negligence must be established by the testimony of medical experts." *Magbuhat v. Kovarik*, 382

---

[1] The parties do not dispute that South Dakota law applies to all of Rodriguez's claims.

3

N.W.2d 43, 46 (S.D. 1986). This is because "expert testimony is required to establish the standard of care for a professional unless the issue is within the common knowledge of the jury." *Luther v. City of Winner*, 674 N.W.2d 339, 344 (S.D. 2004). Rodriguez's claims for negligence and medical malpractice necessitate a determination of the standard of care required when performing a cystoscopy procedure. Specifically, his claims require an assessment of whether the reuse of certain medical equipment during cystoscopy procedures breach a specific standard of care. This is not an issue within the common knowledge of lay people. *See Kostel v. Schwartz*, 756 N.W.2d 363, 383 (S.D. 2008) ("The complexity of neurosurgery does not pose that kind of self-evident situation [where expert testimony is unnecessary]."); *Luther*, 674 N.W.2d at 346 (noting that the "typical lay person would have no idea how to design and construct a sidewalk under the conditions on Winner's Main Street").

Because determining the standard of care in this case is not within the common knowledge of lay people, expert testimony is required. Rodriguez has failed to present any expert testimony. The deadline to disclose experts has passed. Thus, defendants are entitled to summary judgment in their favor on Rodriguez's claims for negligence and medical malpractice. *See Luther*, 674 N.W.2d at 346 ("The trial court did not err in granting Britton's summary judgment motion on the basis of Luther's failure to present expert testimony on the engineer's professional standard of care.").

## II. Emotional Distress Claims

Rodriguez pleaded claims for intentional infliction of emotional distress and negligent infliction of emotional distress. A claim for intentional infliction

4

of emotional distress requires a showing that "the plaintiff suffered an extreme disabling emotional response to defendant[s'] conduct." *Anderson v. First Century Fed. Credit Union*, 738 N.W.2d 40, 51-52 (S.D. 2007). A claim for negligent infliction of emotional distress requires a "manifestation of physical symptoms." *Maryott v. First Nat'l Bank of Eden*, 624 N.W.2d 96, 104 (S.D. 2001).

Rodriguez has not put forth any facts to show that he suffered an extreme disabling emotional response or that he had a manifestation of physical symptoms. In fact, Rodriguez has had no physical symptoms related to emotional distress. He did not cry, become physically ill, or miss work, and he has not sought medical attention to help treat any alleged emotional distress. Thus, defendants are entitled to summary judgment on Rodriguez's claims for emotional distress.

### III. Battery Claim

Rodriguez alleges that defendants committed a battery against him. To establish a battery, Rodriguez must show (1) that defendants intended to cause a harmful or offensive contact with Rodriguez's person, and (2) that an offensive contact directly or indirectly resulted. *Stratmeyer v. Engberg*, 649 N.W.2d 921, 925-26 (S.D. 2002). Defendants argue that no offensive contact resulted because Rodriguez was not actually exposed to blood-borne pathogens.

Rodriguez has not put forth any facts to show that he suffered an offensive contact. The Fourth Amended Complaint alleges that defendants "made a harmful or offensive contact with [Rodriguez's] person by failing to

sanitize and by reusing medical equipment." Docket 106 at 19. This allegation stems from the survey conducted by the South Dakota Department of Health in January of 2009 that found SU was performing deficient cystoscopy procedures. Other than this survey, Rodriguez has not put forth any other evidence of an offensive contact. He has not specifically shown, or even created an inference, that SU failed to sanitize equipment used during his cystoscopy procedure, nor has he shown SU reused any medical equipment during his cystoscopy procedure. He has not shown that he came into contact with or was actually exposed to blood-borne pathogens. The mere fact that the South Dakota Department of Health concluded that SU's cystoscopy procedures were deficient in 2009 is not enough, without more, to establish that an offensive contact occurred on September 25, 2006, the date of Rodriguez's cystoscopy procedure. Therefore, defendants are entitled to summary judgment in their favor on Rodriguez's claim for battery.

**IV. Fraudulent Misrepresentation**

Rodriguez pleaded a claim for fraudulent misrepresentation. "Fraud is a representation made as a statement of fact, which was untrue and known to be untrue by the party making it[.] Further, that it was made with the intent to deceive and for the purpose of inducing the other party to act upon it." *Brandriet v. Norwest Bank South Dakota, N.A.*, 499 N.W.2d 613, 616 (S.D. 1993). Similar to his battery claim, Rodriguez has failed to introduce specific material facts to substantiate his claim for fraudulent misrepresentation. *See Taggart v. Ford Motor Credit Co.*, 462 N.W.2d 493, 498 (S.D. 1990) ("Allegations of fraud and deceit without specific material facts to substantiate them will not

prevent summary judgment."). Rodriguez has not provided any of the following facts to support his fraud claim: what representations were made prior to the procedure; if representations were made, how they were false; whether defendants knew or should have known they were false; defendants' intent in making the representations; or what representations Rodriguez relied on in deciding to have the procedure. Conclusory allegations are insufficient to support a claim for fraudulent misrepresentation. *Id.* Because Rodriguez only asserts conclusory allegations in support of his claim, his fraudulent misrepresentation claim does not survive summary judgment.

## V. Informed Consent

Rodriguez alleges that defendants failed to disclose the fact that "certain disposable medical equipment would be reused in the course of the cystoscopy procedure and other medical equipment was not properly sanitized," and thus, defendants failed to obtain the required informed consent. Docket 106 at 22. While alleging an informed consent claim, "[e]stablishing a breach of the physician's duty to disclose is only a predicate to the imposition of liability. Plaintiff must also demonstrate that the undisclosed risk manifested itself, causing the complained-of injury." *Wheeldon v. Madison*, 374 N.W.2d 367, 376 (S.D. 1985). For Rodriguez to be successful on his informed consent claim, he must demonstrate that the allegedly un-sanitized equipment caused him injury. Rodriguez has not put forth such facts. Rodriguez has not shown that he contracted some virus, disease, or infection, or established that he came into contact with any blood-borne pathogen because of the un-sanitized equipment. Thus, Rodriguez has not demonstrated on the record the existence

7

of specific facts that create a genuine issue for trial with respect to his informed consent claim. Summary judgment is granted to defendants on this claim.

## VI. Unjust Enrichment

Rodriguez also alleges a claim for unjust enrichment because defendants, allegedly, wrongfully received a benefit when it failed to adequately sanitize medical equipment during the course of Rodriguez's cystoscopy procedure. "Unjust enrichment occurs when one confers a benefit upon another who accepts or acquiesces in that benefit, making it inequitable to retain that benefit without paying." *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003) (internal quotations omitted). Rodriguez has failed to show why the equities require defendants to reimburse him. Rodriguez had a cystoscopy procedure performed on him on September 25, 2006. The court assumes he paid for this procedure. Rodriguez has not put forth facts to show that his procedure was anything less than what was bargained for. There are no facts on the record that suggest Rodriguez was harmed by the procedure itself or that the procedure itself was unsatisfactory. Again, Rodriguez relies solely on a survey conducted nearly two-and-a-half years after his procedure. Thus, Rodriguez has not met his burden of putting forth sufficient facts to elude summary judgment on his unjust enrichment claim.

## VII. Deceptive Trade Practices

Rodriguez alleges that defendants used "deceptive acts or practices in connection with the cystoscopy procedures performed on [Rodriguez]" in violation of the South Dakota Deceptive Trade Practices and Consumer Protection Act. Docket 106 at 24. SDCL 37-24-31 governs civil actions under the Consumer Protection Act:

> Any person who claims to have been adversely affected by any act or a practice declared to be unlawful by § 37-24-6 shall be permitted to bring a civil action for the recovery of actual damages suffered as a result of such act or practice.

Thus, to establish a civil claim under SDCL 37-24-31, Rodriguez must show that his damages "were proximately caused by" the alleged violations of the Consumer Protection Act. *Nygaard v. Sioux Valley Hospitals & Health System*, 731 N.W.2d 184, 197 (S.D. 2007). Moreover, Rodriguez must show that defendants intentionally used deceptive acts or practices. SDCL 37-24-6 ("It is a deceptive act or practice for any person to: Knowingly and *intentionally* act, use, or employ any deceptive act or practice[.]") (emphasis added).

Rodriguez has not put forth any facts to suggest that defendants intentionally deceived him. In fact, Rodriguez admitted in his deposition testimony that defendants did not act "maliciously, intentionally, willfully, or purposefully[.]" Docket 152-1 at 5. Rodriguez's claim is just that defendants should have done the procedure differently. *Id.* Thus, Rodriguez has not shown that a question of material fact exists as to defendants' required state of mind to support his claim for deceptive trade practices.

**VIII. Fraudulent Concealment and Exemplary Damages**

Lastly, Rodriguez pleaded claims for fraudulent concealment and exemplary damages. "Fraudulent concealment is not a cause of action, but a mechanism to toll a statute of limitations." *Bruske v. Hille*, 567 N.W.2d 872, 875 n.1 (S.D. 1997). Exemplary damages are only allowed when there is some tortious conduct. SDCL 21-3-2. Because Rodriguez has no remaining claims, the court need not address his allegations of fraudulent concealment and exemplary damages.

**CONCLUSION**

Rodriguez has failed to demonstrate the existence of disputed material facts that create a genuine issue for trial on any of his claims. Accordingly, it is

ORDERED that defendants' motion for summary judgment (Document 150) is granted.

Dated February 22, 2013.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE